# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| DISPLAY TECHNOLOGIES LLC, | § |
| | § |
| Plaintiff, | § |
| | § Case No. 6:21-cv-01111-ADA |
| v. | § |
| | § |
| VOLVO CAR USA, LLC, | § JURY TRIAL DEMANDED |
| | § |
| Defendant. | § |

## DEFENDANT VOLVO CAR USA LLC'S ANSWER

Defendant Volvo Car USA LLC ("Volvo") files its Answer to Plaintiff Display Technologies LLC's Complaint for Patent Infringement (Dkt. 1).

### PARTIES AND JURISDICTION[1]

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

**ANSWER:** Volvo admits that the Complaint purports to state an action arising under the patent laws of the United States. Volvo denies the legal sufficiency of Plaintiff's claims against Volvo, denies that Plaintiff has any viable claim for patent infringement against Volvo, and otherwise denies the allegations of Paragraph 1.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

---

[1] The headings in the Complaint for Patent Infringement are reproduced herein for the convenience of the Court. To the extent such headings include or imply allegations, they are denied.

**ANSWER:** For purposes of this action, Volvo does not contest that subject matter jurisdiction is proper in this District. Volvo denies the legal sufficiency of Plaintiff's claims against Volvo, denies that Plaintiff has any viable claim for patent infringement against Volvo, and otherwise denies the allegations of Paragraph 2.

3. Plaintiff is a Texas limited liability company with a place of business at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

**ANSWER:** Volvo lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies them.

4. On information and belief, Defendant is a Delaware corporation with a principal place of business at 1800 Volvo Place, Mahwah, NJ, 07430. On information and belief, Defendant may be served through its registered agent, Corporation Trust Company, located at Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

**ANSWER:** Volvo admits it is a company organized under the laws of the State of Delaware, and admits that its registered agent is The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange St, Wilmington, DE 19801. For purposes of this action only, Volvo does not contest service of process of the Complaint.

5. This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

**ANSWER:** For purposes of this action only, Volvo does not contest personal jurisdiction but denies it has committed, contributed to, or induced, acts of infringement in this District and otherwise denies the remaining allegations of Paragraph 5.

6.     Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

**ANSWER:** Volvo lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6 and therefore denies them.

## VENUE

7.     On information and belief, venue is proper in this District under 28 U.S.C. § 1400(b) because acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District at, for example, 5700 S.W.H.K. Dodgen Loop Temple, TX 76502.

**ANSWER:** For purposes of this action only, Volvo admits that venue is proper in this District, but denies it has committed, or continues to commit, acts of infringement in this District and otherwise denies the remaining allegations of Paragraph 7.

## COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO. 9,300,723)

8.     Plaintiff incorporates paragraphs 1 through 7 herein by reference.

**ANSWER:** Volvo repeats and realleges its responses to Paragraphs 1 through 7, inclusive, of the Complaint.

9.     This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

**ANSWER:** Volvo admits that the Complaint purports to state an action arising under the patent laws of the United States. Volvo denies the legal sufficiency of Plaintiff's claims against Volvo, denies that Plaintiff has any viable claim for patent infringement against Volvo, and otherwise denies the allegations of Paragraph 9.

10.    Plaintiff is the owner by assignment of the '723 Patent with sole rights to enforce the '723 Patent and sue infringers.

**ANSWER:** Volvo admits that USPTO PAIR lists an assignment of the '723 patent to the Plaintiff. Volvo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 and, therefore, denies the same.

11. A copy of the '723 Patent, titled "Enabling social interactive wireless communications," is attached hereto as Exhibit A.

**ANSWER:** Volvo admits that, on its face, the '723 Patent is titled "Enabling social interactive wireless communications," and is attached as Exhibit A of the Complaint.

12. The '723 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**ANSWER:** Denied as to validity and enforceability. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 and, therefore, denies the same.

13. Defendant has infringed and continues to infringe one or more claims, including at least Claim 12 of the '723 Patent by making, using, and/or selling media systems covered by one or more claims of the '723 Patent. For example, Defendant makes, uses, and/or sells the Volvo car infotainment system, and any similar products ("Product"). Defendant has infringed and continues to infringe the '723 Patent in violation of 35 U.S.C. § 271.

**ANSWER:** Denied, except that is admitted that Volvo sells some cars with entertainment systems.

14. Regarding Claim 12, the Product is configured to receive a media file (e.g., music file or songs video) from a wireless mobile device (e.g., mobile phone) over a communication network (e.g. Bluetooth network). The wireless mobile device (e.g., mobile phone) sends data (e.g., music file) to the media system. Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

**ANSWER:** Volvo lacks knowledge or information sufficient to form a belief as to the truth of the allegations imputing screenshots to Volvo and therefore they are denied. Volvo denies

the remaining allegations of Paragraph 14; specifically Plaintiff's characterization and definitions of the Product in relation to Claim 12.

15. The Product includes a wireless receiver (e.g., Bluetooth receiver). Certain aspects of this element are illustrated in the screenshots below and/or in those provided in connection with other allegations herein.

**ANSWER:** Volvo admits that some of its cars include an entertainment system which includes Bluetooth. Volvo lacks knowledge or information sufficient to form a belief as to the truth of the allegations imputing screenshots to Volvo and therefore they are denied. Volvo continues to deny Plaintiff's characterizations and definitions of "the Product", and denies the remaining allegations of Paragraph 15.

16. The Product includes a security measure. For example, the Product must be paired and connected by inputting a password and/or Bluetooth code (i.e., a security measure) to a wireless mobile device (e.g., mobile phone) before receiving a media file. Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

**ANSWER:** Volvo admits that some of its cars include an entertainment system which includes a Bluetooth system which must be paired with a phone before media can be played on the system via the phone. Volvo lacks knowledge or information sufficient to form a belief as to the truth of the allegations imputing screenshots to Volvo and therefore they are denied. Volvo continues to deny Plaintiff's characterizations and definitions of "the Product", and denies Plaintiff's characterization of Volvo's system as containing a security measure. Volvo denies the remaining allegations of Paragraph 16.

17. The Product is disposed in an accessible relation to at least one interactive computer network (e.g., Bluetooth network) that has a wireless range structured to permit authorized access (e.g., via pairing code) to said at least one interactive computer network. Certain aspects of this

element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

**ANSWER:** Volvo admits that some of its cars include an entertainment system which includes a Bluetooth system which typically is within range of a phone in the car. Volvo lacks knowledge or information sufficient to form a belief as to the truth of the allegations imputing screenshots to Volvo and therefore they are denied. Volvo continues to deny Plaintiff's characterizations and definitions of "the Product", and denies Plaintiff's characterization of Volvo's system as containing at least one interactive computer network (e.g., Bluetooth network) that has a wireless range structured to permit authorized access (e.g., via pairing code) to said at least one interactive computer network. Volvo denies the remaining allegations of Paragraph 17.

18. When the wireless mobile device is within the wireless range, the wireless mobile device is detectable by the media system (e.g., the media system automatically detects a smartphone when the mobile device is within Bluetooth range). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

**ANSWER:** Volvo admits that some of its cars include an entertainment system which includes a Bluetooth system which can detect a Bluetooth phone inside the car. Volvo lacks knowledge or information sufficient to form a belief as to the truth of the allegations imputing screenshots to Volvo and therefore they are denied. Volvo denies the remaining allegations of Paragraph 18.

19. At least one digital media file (e.g., music file) is initially disposed on the wireless mobile device (e.g., the mobile phone includes one or more music files). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

**ANSWER:** Volvo admits that some of its cars include an entertainment system which includes a Bluetooth system which plays music via a phone which has access to music. Volvo

denies Plaintiff's attempts to characterize and define Volvo's system as being the same as that described in claim 12. Volvo lacks knowledge or information sufficient to form a belief as to the truth of the allegations imputing screenshots to Volvo and therefore they are denied. Volvo denies the remaining allegations of Paragraph 19.

20. The media system is structured to detect the wireless mobile device disposed within the wireless range (e.g., media system automatically detects the mobile phone when it is within Bluetooth range). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

**ANSWER:** Volvo admits that some of its cars include an entertainment system which includes a Bluetooth system that can detect a Bluetooth phone within its range. Volvo denies Plaintiff's attempts to characterize and define Volvo's system as being the same as that described in claim 12. Volvo lacks knowledge or information sufficient to form a belief as to the truth of the allegations imputing screenshots to Volvo and therefore they are denied. Volvo denies the remaining allegations of Paragraph 20.

21. A communication link (e.g., Bluetooth) is structured to dispose the media system and the wireless mobile device (e.g. mobile phone) in a communicative relation with one another via the at least one interactive computer network. Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

**ANSWER:** Volvo admits that some of its cars include an entertainment system which includes a Bluetooth system that can receive music from a linked Bluetooth phone within its range. Volvo denies Plaintiff's attempts to characterize and define Volvo's system as being the same as that described in claim 12. Volvo lacks knowledge or information sufficient to form a belief as to the truth of the allegations imputing screenshots to Volvo and therefore they are denied. Volvo denies the remaining allegations of Paragraph 21.

22. The communication link is initiated by the media system. The devices will automatically connect when the units are in range. Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

**ANSWER:** Volvo admits that some of its cars include an entertainment system which includes a Bluetooth system that can receive music from a linked Bluetooth phone within its range. Volvo denies Plaintiff's attempts to characterize and define Volvo's system as being the same as that described in claim 12. Volvo lacks knowledge or information sufficient to form a belief as to the truth of the allegations imputing screenshots to Volvo and therefore they are denied. Volvo denies the remaining allegations of Paragraph 22.

23. The wireless mobile device and the media system are structured to transmit the at least one digital media file there between via the communication link (e.g., media system allows for the transmission of files between itself and the wireless mobile device; e.g., the mobile device transmits the music file to the media system). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

**ANSWER:** Volvo admits that some of its cars include an entertainment system which includes a Bluetooth system that can play music via a Bluetooth phone. Volvo denies Plaintiff's attempts to characterize and define Volvo's system as being the same as that described in claim 12. Volvo lacks knowledge or information sufficient to form a belief as to the truth of the allegations imputing screenshots to Volvo and therefore they are denied. Volvo denies the remaining allegations of Paragraph 23.

24. The communication link is structured to bypass the security measure of the media system for a limited permissible use of the communication link by the wireless mobile device for only transferring the at least one digital media file to, and displaying the at least one digital media file on, the media system (e.g., the media system bypasses the security measure of the Bluetooth network). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

**ANSWER:** Volvo admits that some of its cars include an entertainment system which includes a Bluetooth system that can allow a Bluetooth phone to link with it. Volvo denies Plaintiff's attempts to characterize and define Volvo's system as being the same as that described in claim 12. Volvo lacks knowledge or information sufficient to form a belief as to the truth of the

allegations imputing screenshots to Volvo and therefore they are denied. Volvo denies the remaining allegations of Paragraph 24.

25. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

**ANSWER:** Denied.

26. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

**ANSWER:** Denied.

27. Plaintiff is in compliance with 35 U.S.C. § 287.

**ANSWER:** Volvo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and, therefore, denies the same.

## DEMAND FOR JURY TRIAL

28. Rothschild Broadcast Distribution Systems, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

**ANSWER:** Plaintiff's jury demand requires no response. To the extent a response is required, Volvo requests a jury trial of all issues in this action so triable.

## PRAYER FOR RELIEF

The Complaint for Patent Infringement recites a Prayer for Relief for which no response is required. To the extent an answer is required, Volvo denies that Plaintiff is entitled to any remedy or relief.

## GENERAL DENIAL

Volvo denies that Plaintiff is entitled to any remedy or relief. To the extent there are any actionable allegations in the Complaint not specifically admitted or denied hereinabove, they are denied.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

Without any admission as to the burden of proof, burden of persuasion, or the truth of any allegation in the Complaint, Volvo relies upon the following defenses. Volvo reserves the right to amend its Answer and add additional Defenses and Affirmative Defenses.

### **FIRST DEFENSE**
### **(Non-Infringement)**

Volvo does not infringe and has not infringed any valid and enforceable claim of the '723 Patent, either literally or under the doctrine of equivalents, by direct, contributory, or induced infringement, willfully or otherwise.

### **SECOND DEFENSE**
### **(Invalidity)**

The claims of the '723 Patent are invalid for failure to satisfy one or more of the conditions and requirements for patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 282, or under the judicially created doctrines of invalidity or unenforceability.

### **THIRD DEFENSE**
### **(No Willful Infringement)**

Volvo has not and does not willfully infringe any valid and enforceable claim of the '723 Patent.

### **FOURTH DEFENSE**
### **(No Exceptional Case)**

Volvo's actions in defending this case do not give rise to an exceptional case in Plaintiff's favor under 35 U.S.C. § 285.

### **FIFTH DEFENSE**
### **(Laches, Estoppel, Waiver, Acquiescence, and Unclean Hands)**

Plaintiff's claims are barred by one or more of the doctrine of laches, estoppel, waiver, acquiescence, and unclean hands from enforcing or claiming damages with respect to any claim of the '723 Patent.

## SIXTH DEFENSE
### (Doctrine of Equivalents and Prosecution History Estoppel)

Plaintiff's claims are barred under the doctrine of prosecution history estoppel from asserting any scope of the '723 Patent that would cover the accused products because of statements and amendments made during prosecution of the application that led to the '723 Patent.

## SEVENTH DEFENSE
### (Relief Not In The Public Interest)

The relief sought by Plaintiff does not and would not further public interest, and there are strong public reasons for denying Plaintiff the relief sought.

## EIGTH DEFENSE
### (Limitations on Damages per 35 U.S.C. § 287)

Any claim for damages for patent infringement is limited by 35 U.S.C. § 287 to only those damages occurring after Plaintiff's notice of infringement.

## NINTH DEFENSE
### (No Injunctive Relief)

Plaintiff is not entitled to injunctive relief because, inter alia, any injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## TENTH DEFENSE
### (Reservation of Additional Affirmative Defenses)

Volvo presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unstated, affirmative defenses. As such, Volvo reserves the right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are appropriate.

## EXCEPTIONAL CASE

Plaintiff has, in bad faith, knowingly undertaken to enforce the '723 Patent against Volvo while knowing that the '723 Patent are either unenforceable invalid or not infringed. Based upon

the foregoing conduct of Plaintiff, this is an exceptional case under 35 U.S.C. § 285. As a result of Plaintiff's conduct, as alleged above, Volvo is entitled to recover attorney fees.

## DEMAND FOR JURY TRIAL

Volvo requests a jury trial on all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Volvo requests the following relief:

a) that all claims against Volvo be dismissed with prejudice and that all relief requested by Plaintiff be denied;

b) an order be entered declaring U.S. Patent No. 9,300,723 is not infringed;

c) an order be entered declaring U.S. Patent No. 9,300,723 is invalid; and

d) that a judgment be entered that this case is exceptional under 35 U.S.C. § 285, and accordingly that Volvo is entitled to recover reasonable attorney fees and costs upon prevailing in this action; and that Volvo be awarded such other relief that the Court deems just and equitable, or which the Court deems necessary and proper.

Dated: December 22, 2021                                Respectfully submitted,

                                                        PATTERSON + SHERIDAN LLP

                                                        */s/ B. Todd Patterson*

                                                        B. Todd Patterson
                                                        Texas State Bar No. 00789537
                                                        tpatterson@pattersonsheridan.com

                                                        John A. Yates
                                                        Texas State Bar No. 24056569
                                                        jyates@pattersonsheridan.com

                                                        Kyrie K. Cameron
                                                        Texas State Bar No. 24097450
                                                        kcameron@pattersonsheridan.com

Edgar N. Gonzalez
Texas State Bar No. 24092431
egonzalez@pattersonsheridan.com

Joshua H. Park
Texas State Bar No. 24121766
jpark@pattersonsheridan.com

24 Greenway Plaza, Suite 1600
Houston, TX 77046
Phone: (713) 623-4844
Fax: (713) 623-4846

Craig V. Depew
Texas State Bar No. 05655820
cdepew@pattersonsheridan.com

900 Washington Ave., Suite 503
Waco, Texas 76701
Tel: 512-567-1677
Fax: 713-623-4846

*Counsel for Defendants*
*Volvo Car USA LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system on December 22, 2020.

*/s/ B. Todd Patterson*
B. Todd Patterson